IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN W. DIXON, | ) | CASE NO. 1:05 CV 2499 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| STUART HUDSON, Warden, | ) | Magistrate Judge James S. Galas |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge James S. Gallas. The Report and Recommendation (Document #24) is ADOPTED by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 (Document #1) is DENIED.

In July 2003, Petitioner was convicted in the Richland County Court of Common Pleas on two counts of rape and two counts of gross sexual imposition involving his girlfriend's 11-year-old daughter. Petitioner was sentenced to a total of 18 years incarceration and adjudicated a sexual predator and habitual sex offender subject to community notification. (See Respondent's Ex. 5, Docket No. 17).[1]

---

[1] The Magistrate Judge accurately sets forth the procedural history of this case following Petitioner's July 2003 convictions, through the filing of his Petition with the Court. See Report and Recommendation of Magistrate Judge Gallas at pp. 1-2.

On October 24, 2005, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner sets forth the following four grounds for relief:

| | |
|---|---|
| GROUND ONE: | Petitioner's constitutional rights to due process of law were violated when his presumption of innocence was deprived. |
| Supporting Facts: | The petitioner was made to wear an "arm shocker/restraint device" in front of a jury at his trial. This device was in "plain sight" of the jury as well as the Judge and petitioner's family. |
| GROUND TWO: | Petitioner's constitutional rights to a fast and speedy trial were violated. |
| Supporting Facts: | Petitioner was on parole. On 9/27/02, petitioner was taken to police station for questioning. On that day, a parole holder was placed on petitioner (petitioner was not charged with a crime) for accusations derived from this questioning. Petitioner was held in custody "solely" on a parole holder. On 1/14/03, petitioner was taken to the Richland County jail for arraignment (Petitioner was secretly indicted on 12/5/02). Petitioner remained in custody for a total of 293 days before he went to trial. |
| GROUND THREE: | Petitioner was denied his due process rights when the prosecutor for the State committed prosecutorial misconduct. |
| Supporting Facts: | During the course of petitioner's trial, the prosecution for the State elicited testimony from one of the State's witnesses pertaining to the fact that Petitioner was "not a resident of their town." The prosecution for the State asked the witness if petitioner was from "Detroit, Michigan?" And where the prosecution for the State introduced my personal letters to the jury, letters that showed my "present incarceration during trial." |
| GROUND FOUR: | Petitioner was denied due process of law when he was not afforded the right to have a sealed file on the alleged victim opened. |
| Supporting Facts: | During the trial of the Petitioner, there was a "sealed file" available on the alleged victim in this case, showing that this alleged victim had (on two previous occasions) "lied about sexual overtures" against two other individuals. The "sealed file" had proof that this alleged victim had "liked" (police filed indicated as much). Petitioner was heavily convicted on the testimony of this alleged victim whose |

credibility was a major factor.

On April 6, 2006, Respondent filed a Return of Writ (Document #16).  On April 28, 2006, Petitioner filed his Traverse to Return of Writ (Document #19).

On January 28, 2008, Magistrate Judge Gallas issued his Report and Recommendation (Document #24).  The Magistrate Judge recommended as follows:

> For the foregoing reasons dismissal of this matter is recommended because federal
> collateral review is barred due to petitioner's failure to fairly present his claims to the state's highest court coupled with failure to demonstrate "cause" to excuse the procedural default or alternatively failure to demonstrate a gateway claim of actual innocence. Consequently, Dixon cannot establish a decision of the state court which was either contrary to nor an unreasonable application of clearly established federal law nor an unreasonable application of the facts for purposes of 28 U.S.C. §2254(d)(1) and (2). Further, Dixon has not demonstrated a need for evidentiary hearing.

On February 6, 2008, Petitioner filed his "Motion in Objection" to the Magistrate Judge's Report and Recommendation (Docket #25).  Petitioner argues that the Magistrate Judge did not give him a fair and adequate opportunity to have his claims heard in light of the fact that Petitioner does not have counsel.  Petitioner claims that he does not have the ability to "adequately argue" his case because he has no experience in the law.  Petitioner asserts that he is innocent and that his constitutional rights were violated during trial.  Further, Petitioner reiterates his grounds for relief, arguing that he did not appeal certain issues, determined to be procedurally defaulted by the Magistrate Judge, to the Ohio Supreme Court "because he felt that they would just deny it as not Involving a Substantial Constitutional Question just like they did with his other appeals."  Finally, Petitioner asserts that the prosecutor's office violated his right to a speedy trial and that the jury selected in his case was biased.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo*, as well as the briefs and supporting material submitted by the Parties, and the objections to the Report and Recommendation raised by Petitioner, and finds the Report and Recommendation to be well-reasoned and correct. The Court agrees with, and adopts, the findings and conclusions of Magistrate Judge Gallas as its own. The Court hereby ADOPTS the Report and Recommendation of Magistrate Judge Gallas (Document #24) in its entirety; Petitioner's Petition for Habeas Corpus is DENIED.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

                                            s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

DATED: February 25, 2008